1  Mark J. Jacobs (SBN 208945)
   E-Mail: mjacobs@fisherphillips.com
2  Drew M. Tate (SBN 312219)
   E-Mail: dtate@fisherphillips.com
3  FISHER & PHILLIPS LLP
   444 South Flower Street, Suite 1500
4  Los Angeles, California 92614
   Telephone: (213) 330-4500
5  Facsimile: (213) 330-4501

6  Attorneys for Defendants
   VANTAGE TRAVEL SERVICE, INC.
7  and INSPERITY PEO SERVICES, L.P.
   (Erroneously Sued as INSPERITY, INC.)
8

9                UNITED STATES DISTRICT COURT

10                CENTRAL DISTRICT OF CALIFORNIA

11

12 | LAUREN GOLDENBERG,                | Case No: _____
13 |                                    |
   |         Plaintiff,                 | [Removed from State Court,
14 |                                    | Case No. 21STCV05726]
   |     v.                             |
15 |                                    | **DEFENDANTS VANTAGE
   | VANTAGE TRAVEL SERVICE, INC.;      | TRAVEL SERVICE, INC. AND
16 | INSPERITY, INC.; and DOES 1-100,   | INSPERITY PEO SERVICES,
   |                                    | L.P.'S NOTICE OF REMOVAL OF
17 |         Defendants.                | ACTION FROM STATE COURT
18 |                                    | TO FEDERAL COURT PURSUANT
   |                                    | TO 28 U.S.C. §§ 1332, 1441, AND
19 |                                    | 1446**
20 |                                    | Complaint Filed: February 16, 2021
   |                                    | Trial Date: Not Set
21

22  **TO PLAINTIFF AND HER COUNSEL OF RECORD AND TO THE CLERK**
23  **FOR THE UNITED STATES DISTRICT COURT FOR THE CENTRAL**
24  **DISTRICT OF CALIFORNIA:**
25       **PLEASE TAKE NOTICE** that Defendants VANTAGE TRAVEL
26  SERVICE, INC. and INSPERITY PEO SERVICES, L.P., erroneously sued as
27  INSPERITY, INC. (collectively "Defendants"), by and through their counsel of
28  record, submit this Notice of Removal to remove this action from the Superior

Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. In support of removal, Defendants submit as follows:

## I.   STATEMENT OF JURISDICTION

1. This Court has original jurisdiction over this action based on diversity of citizenship pursuant to 28 U.S.C. § 1332. This action is one that may be removed to this Court by Defendants pursuant to 28 U.S.C. §§ 1332(a) and 1441(b) because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interests and costs, as set forth below. *See* 28 U.S.C. §§ 1332(a), 1441(b).

## II.   VENUE

2. This action was originally brought in the Superior Court of the State of California, County of Los Angeles. Therefore, venue properly lies in the Central District of this Court pursuant to 28 U.S.C. §§ 84(c), 1441, and 1446(a).

## III.   PROCEDURAL HISTORY

3. This lawsuit arises out of Plaintiff's alleged employment with VANTAGE TRAVEL SERVICE, INC ("Vantage"). On or about February 16, 2021, Plaintiff filed a Complaint against Defendants in the Superior Court of California, County of Los Angeles, styled and captioned exactly as above, and assigned Case No. 21STCV05726 (the "Complaint"). Plaintiff's Complaint alleges the following causes of action: (1) Disability Discrimination in Violation of the Fair Employment and Housing Act ("FEHA"); (2) Wrongful Termination in Violation of Public Policy; (3) Retaliation in Violation of Labor Code § 1102.5; (4) Intentional Infliction of Emotional Distress; and (5) Negligent Infliction of Emotional Distress. *See* **Exhibit A** to the Notice of Removal ("Complaint"); Declaration of Drew M. Tate ("Tate Decl."), ¶ 2.

4. On February 24, 2021, Plaintiff served her Complaint upon Vantage. Tate Decl., ¶ 3.

5. On February 25, 2021, Plaintiff served her Complaint upon INSPERITY PEO SERVICES, L.P ("Insperity"). Tate Decl., ¶ 5; Declaration of Lecia Chaney ("Chaney Decl."), ¶ 3.

6. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the Summons, Plaintiff's Complaint, and other related papers that were served upon Defendants are attached hereto as **Exhibit A-C.** *See* Tate Decl., ¶¶ 2-4.

7. Based upon information and belief, there are no other pleadings or other papers filed in this matter as of the date of Defendants' Notice of Removal. Tate Decl., ¶ 6.

## IV. TIMELINESS OF REMOVAL

8. Under 28 U.S.C. § 1446(b), a "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise[.]" The 30-day period for removal is triggered once service occurs. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (emphasis in original).

9. Defendants first received the Summons, Plaintiff's Complaint, and other related documents when they were served by Plaintiff on February 24 and 25, 2021, respectively. *See* **Exhibit A** to the Notice of Removal; Tate Decl., ¶¶ 3, 5; Chaney Decl., ¶ 3. Defendants filed this Notice of Removal on March 26, 2021. Also, Defendants' Notice of Removal has been filed within one year of commencement of the state court lawsuit as required by 28 U.S.C. § 1446(b). Therefore, Defendants' Notice of Removal has been timely filed.

## V. REMOVAL IS SUBJECT TO A LIBERAL PLEADING STANDARD

10. In 2014, the United States Supreme Court held that notices of removal are subject to the same general pleading standards applicable to complaints pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, and accordingly, such notices need not attach evidence or meet a burden of proof, but rather need only contain a "short and plain statement of the grounds for removal." *Dart*

*Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 83 (quoting 28 U.S.C. § 1446(a)). This governing principle also applies to a removing party's allegations to the amount in controversy. *Id.*; *Garnett v. ADT LLC*, 74 F. Supp. 3d 1332, 1334 (2015). Only if the Court, or another party, contests the allegations of removability must the removing party submit evidence supporting its allegations, whereupon removability is decided under a preponderance of the evidence standard. *Dart Cherokee*, 574 U.S. at 88.

## VI. BASIS FOR REMOVAL JURISDICTION

11. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 because Plaintiff and Defendants are citizens of different states, none of the Defendants are citizens of the State of California, and the amount in controversy for Plaintiff exceeds $75,000.00, exclusive of interest and costs. Therefore, this action may be removed to this United States District Court under 28 U.S.C. §§ 1441 and 1446.

### A. Complete Diversity of Citizenship Exists

#### i. Plaintiff's Citizenship

12. At all relevant times, Plaintiff is, and was, a resident and citizen of the State of California. In fact, Plaintiff's Complaint expressly alleges that she is an individual residing in Los Angeles, California. *See* Complaint, ¶ 1.

13. For diversity purposes, a person is a "citizen" of the state in which he is domiciled. 28 U.S.C. § 1332 (a)(1); *see Kanotor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983); *Kramer v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (confirming that a person's domicile is the place he resides with the intention to remain). Residence is *prima facie* evidence of domicile. *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 885-886 (9th Cir. 2013); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994); *Lee v. BMW of North America, LLC*, Case No. SACV 19-01722 JVS (ADSx), 2019 WL 68338911, at *2 (C.D. Cal. Dec. 16, 2019). In fact, it is presumed that a natural

1 person's residence is also his or her domicile, and a party resisting this presumption bears the burden of producing contrary evidence. *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986).

14. In her Complaint, Plaintiff alleges that at all times she "is an individual residing in Los Angeles County, California." *See* Complaint, ¶ 1. Nothing in Plaintiff's Complaint or other pleadings suggest otherwise. Accordingly, Plaintiff is domiciled in and is a citizen of the State of California.

### ii. *Vantage's Citizenship*

15. A "corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). As the Supreme Court has explained, a corporation's principal place of business is "the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's 'nerve center.'" *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

16. Vantage was at the time of the filing of this action, and continues to be, a corporation organized under the laws of the State of Massachusetts with its headquarters and principal place of business in Boston, Massachusetts. Specifically, Vantage was and is a corporation in good standing with the State of Massachusetts as of February 16, 2021 (the date the instant complaint was filed), and as of the time Defendants' Notice of Removal is being filed. Vantage's headquarters and principal place of business was located in Boston, Massachusetts as of February 16, 2021, and is located in Boston, Massachusetts as of the time Defendants' Notice of Removal is being filed. Vantage controls, directs, and coordinates its business activities at its Boston, Massachusetts headquarters. Vantage's President, Treasurer, Secretary, Chief Executive Officer, Chief Financial Officer, and Director work in Vantage's Boston, Massachusetts

///

headquarters. Vantage is therefore a citizen of the State of Massachusetts for the purposes of removal pursuant to 28 U.S.C. § 1332(c).[1]

17. Accordingly, Vantage is not a citizen of the State of California.

### iii. *Insperity's Citizenship*

18. In determining the citizenship of a limited partnership, courts look to the citizenship of each member of the partnership. *See C.T. Carden v. Arkoma Associates*, 494 U.S. 185, 195-196 (1990) (holding that a limited partnership is a citizen of every state of which a partner is a citizen).

19. Insperity is now, and was at the time this action was commenced, a citizen of the State of Delaware within the meaning of 28 U.S.C. § 1332(c)(1), because it is a limited partnership whose two members are both Delaware corporations organized under the laws of the State of Delaware. Chaney Decl., ¶ 4. Additionally, at all material times, Insperity has maintained its headquarters and principal place of business in Kingwood, Texas. Chaney Decl., ¶ 4.

20. The two members of Insperity are Administaff Partnerships Holding III, Inc. and Administaff Companies, Inc. Chaney Decl., ¶ 5.

21. Administaff Companies, Inc. is, and was at the time this action was commenced, a citizen of the State of Delaware within the meaning of 28 U.S.C. § 1332(c)(1) because it was incorporated in Delaware. Chaney Decl., ¶ 6. At all material times, Administaff Companies, Inc. has maintained its headquarters and principal place of business in Kingwood, Texas. *Id*.

---

[1] As of March 26, 2021, based on the California Secretary of State's online business search database available at http://businesssearch.sos.ca.gov/, Vantage's Status is listed as "SOS Forfeited." According to the Registration filed with the California Secretary of State on November 15, 2017, Vantage is listed under the jurisdiction of the State of Massachusetts and its business address is listed as 90 Canal Street, Boston, Massachusetts 02114. Additionally, as of March 26, 2021, based on the Massachusetts Secretary of State's online corporate search database available at http://www.sec.state.ma.us/cor/corsearch.htm, Vantage was organized in the State of Massachusetts on September 27, 1983, the location of its principal office is 90 Canal St., Boston, Massachusetts 02114, and the address for the President, Treasurer, Secretary, CEO, CFO, and Director is listed as 90 Canal Street, Boston, Massachusetts 02114.

22. Administaff Partnerships Holding III, Inc. is, and was at the time this action was commenced, a citizen of the State of Delaware within the meaning of 28 U.S.C.§ 1332(c)(1) because it was incorporated in Delaware. Chaney Decl., ¶ 7. At all material times, Administaff Partnerships Holding III, Inc., has maintained its headquarters and principal place of business in Kingwood, Texas. *Id.*

23. As a result, Insperity is not a citizen of the State of California.

      iv.    <u>Citizenship of DOE Defendants</u>

24. Plaintiff's Complaint also names as defendants Does 1 through 100. *See* Complaint, ¶ 3. The citizenship of fictitiously-named doe defendants must be disregarded for the purposes of removal. *See* 28 U.S.C. § 1441(a); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690–91 (9th Cir. 1998). Accordingly, the citizenship of the alleged Doe Defendants does not impact the diversity analysis for removal.

25. Because Plaintiff is a citizen of California and Defendants are not citizens of California, complete diversity of citizenship exists in this matter. The parties are therefore diverse of citizenship as required for this Court to exercise diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

    **B.**    **<u>The Amount in Controversy Requirement is Satisfied</u>**

26. The Court has diversity jurisdiction over an action in which the parties are not citizens of the same state and "the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs." 28 U.S.C. § 1332(a). The amount in controversy for jurisdictional purposes is determined by the amount of damages at issue at the time of removal. *Piazza v. EMPI, Inc.*, No. 1:07-CV-00954-OWWGSA, 2008 WL 590494, at *14 (E.D. Cal. Feb. 29, 2008); *see also Merit-Care, Inc. v. St. Paul Mercury Ins. Co.* 166 F.3d 214, 217–218 (3d Cir. 1999), *abrogated on other grounds by Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005).

///

27. The amount in controversy can be determined from the complaint or from other sources, including statements made in the notice of removal. *See Valdez v. Allstate Ins. Co.,* 372 F.3d 1115, 1117 (9th Cir. 2004); ("[W]e reiterate that the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint."); *Kanter v. Warner-Lambert Co.,* 265 F.3d 853, 857 (9th Cir. 2001) (examining complaint and notice of removal for citizenship determination); *Cohn v. Petsmart, Inc.,* 281 F.3d 837, 839–40, n.2 (9th Cir. 2002) (considering settlement demand letter for purposes of determining amount in controversy).

28. The test for determining whether the minimum amount in controversy requirement is satisfied is whether it is "more likely than not" that the plaintiff seeks to recover more than $75,000 in the action, exclusive of interest and costs. *Simmons v. PCR Technology*, 209 F.Supp.2d 1029, 1031 (N.D. Cal. 2002); *see also Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 683 (9th Cir. 2006). The removing defendant need only to establish by *a preponderance of evidence* that the claims exceed the jurisdictional minimum. *Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 982 (9th Cir. 2013); *Singer v. State Farm Mutual Auto. Ins. Co.,* 116 F.3d 373, 376 (9th Cir. 1997).

29. In assessing the amount in controversy for diversity jurisdiction purposes, the court must assume that a jury will return a verdict for the plaintiff on all claims made in the complaint. *Bank of California Nat. Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491 (9th Cir. 1972); *Kenneth Rothchild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002). It is thus appropriate to first examine the complaint to determine whether it is "facially apparent" that the claims exceed the jurisdictional amount. *See White v. FCI USA, Inc.*, 319 F.3d 672, 674–76 (5th Cir. 2003). Indeed, if the complaint seeks more than $75,000 in damages, removal on diversity grounds is proper unless the amount set forth in the complaint was stated in bad faith. 28 U.S.C. § 1446(c)(2); *See Sanchez v. Monumental Life. Ins. Co.*, 102 F.3d 398 (9th Cir. 1996). Here,

Defendants deny any and all liability as to Plaintiff's claims, however even an extremely low estimate of what Plaintiff could recover would result in an overall recovery exceeding $75,000.00 if a jury ruled in favor on Plaintiff's claims for relief.

30. In this matter, Plaintiff's Complaint makes it clear that the amount in controversy "more likely than not" exceeds $75,000.00. In her Complaint, Plaintiff seeks damages for lost past and future income and employment benefits; damages to her career; psychological injuries and emotional distress damages; and punitive damages. *See* Complaint, ¶¶ 9-11, 23. Plaintiff's Complaint further seeks judgment against Defendants for compensatory economic and non-economic damages; punitive damages; and costs of suit, including attorney's fees. *See* Complaint, Prayer, ¶¶ 1-6.

31. Pursuant to her claim for compensatory damages, Plaintiff specifically seeks damages for economic loss in the form of lost past and future income, employment benefits, and damages to her career. Complaint, ¶ 9, and Prayer, ¶ 1. Here, Plaintiff alleges that her employment was terminated on August 1, 2019, and as such, approximately 86 weeks have passed since that date. Complaint, ¶ 8. Plaintiff also earned a salary of $77,500 at the time of the termination of her employment. Based on the foregoing, Plaintiff's backpay claim could be at least $128,174.40 (calculated as $37.26 per hour ($77,500 divided by 2080 hours) times 40 hours times 86 weeks), as of the date of Defendants' Notice of Removal. It is also likely that Plaintiff will seek lost wages from the date of her termination through the date of trial. Accordingly, while Defendants deny Plaintiff's allegations and requests for relief, it is more than likely that Plaintiff will seek more than $75,000.00 for her alleged loss of salary and/or employment benefits as economic damages.

32. Additionally, Plaintiff seeks an unspecified amount of non-economic damages for her alleged psychological injuries and emotional distress in an amount

to be proven at trial. *See* Complaint, ¶¶ 10, 23, and Prayer, ¶ 1. Emotional distress damages are considered in determining the amount in controversy. *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2015). Further, to establish the amount of emotional distress in controversy, a defendant may introduce evidence of jury verdicts in other cases. *Cain v. Hartford Life and Acc. Ins. Co.*, 890 F. Supp. 2d 1246, 1250 (C.D. Cal. 2012). Emotional distress damages in employment discrimination cases "may be substantial," and the Ninth Circuit in *Kroske* reasoned that emotional distress damages "would add at least an additional $25,000" to the plaintiff's claim. *Kroske*, 432 F.3d at 980 (affirming determination that, in light of the plaintiff's alleged lost wages of at least $55,000, emotional distress damages could be valued at $25,000). Because she allegedly suffers from emotional distress, and will continue to suffer the alleged emotional distress, it is more likely than not that Plaintiff will seek a substantial sum exceeding $75,000 for her alleged non-economic damages.

33. Plaintiff also seeks to recover an unspecified amount in attorney's fees. *See* Complaint, Prayer, ¶ 5. Attorneys' fees (future and accrued) are considered in determining whether the amount in controversy requirement has been satisfied if a plaintiff sues under a statute that authorizes an award of fees to the prevailing party. *See Galt GIS v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998); *Fritsch v. Swift Transportation Co. of Arizona*, LLC, 899 F.3d 785, 794 (9th Cir. 2018); *see also Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998); *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). The FEHA provides for attorneys' fees to be awarded to successful plaintiffs. *See* Cal. Gov. Code § 12965(b). It is more than likely that Plaintiff's claimed attorney's fees, including future attorney's fees, will exceed $75,000, especially if this matter goes to trial.

34. Plaintiff further seeks punitive damages against Defendants. *See* Complaint, ¶ 11, and Prayer, ¶ 2. Specifically, Plaintiff claims that Defendants

acted maliciously with the intent to cause her injury and/or with reckless disregard by terminating her based on her physical disability, Plaintiff's need and requests for accommodations, and good faith complaints; Defendants' conduct was willful and done with the conscious disregard of her rights, health, and safety; Defendants' actions were oppressive, "despicable," and subjected Plaintiff to cruel and unjust hardship; and Defendants' actions were fraudulent because they asserted false pretextual grounds for her termination. *Id.* When one assumes, as is required, Plaintiff will prevail on her claims for relief, and the jury will award her punitive damages, it is difficult to imagine that the punitive damages verdict alone would be less than $75,000.

35. Based on the nature of the allegations and damages sought in the Complaint, Plaintiff has placed in controversy an amount exceeding the jurisdictional amount of $75,000.00, exclusive of costs and interest. Accordingly, pursuant to 28 U.S.C. §§ 1332 and 1441(a), this action may be removed to the United States District Court for the Central District of California because, at the time this action was filed and at the present time, diversity jurisdiction exists.

## VII. CONSENT TO REMOVAL

All defendants are required to consent or join in removal for purposes of traditional diversity jurisdiction. 28 U.S.C. § 1446(b)(2)(A). Pursuant to this Notice of Removal, Defendants hereby consent to Removal.

## VIII. NOTICE PROVIDED TO STATE COURT AND PLAINTIFF

36. In accordance with 28 U.S.C. § 1446(d), Defendants will, promptly after the filing this Notice with the above-entitled Court, give written notice thereof to all adverse parties (i.e., Plaintiff), and will file a copy of this Notice with the Clerk of Court of the Superior Court of the State of California, County of Los Angeles. *See* Tate Decl., ¶ 7.

37. Proof of service of the Notice to the Superior Court Clerk of Removal to Federal Court and of the Notice to Adverse Party of Removal to Federal Court

1  will be filed with this Court shortly after the Superior Court filing and service upon
2  the adverse party are accomplished. *See* Tate Decl., ¶ 7.
3     38.   Defendants respectfully request that the above-mentioned litigation,
4  now pending before the Superior Court of California, County of Los Angeles, be
5  removed to this Court based on diversity jurisdiction.

7  Dated: March 26, 2021                    Respectfully submitted,
8                                           FISHER & PHILLIPS LLP

10                                  By:    */s/ Drew M. Tate*
                                           Mark J. Jacobs
11                                         Drew M. Tate

12                                         Attorneys for Defendants
13                                         VANTAGE TRAVEL SERVICE, INC.
                                           and INSPERITY PEO SERVICES, L.P.
14                                         (Erroneously Sued as INSPERITY, INC.)

12
DEFENDANTS' NOTICE OF REMOVAL OF ACTION FROM STATE COURT TO FEDERAL COURT
PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446