# EXHIBIT A

DEFENDANTS VANTAGE TRAVEL SERVICE, INC. AND INSPERITY PEO SERVICES, L.P.'S NOTICE OF REMOVAL OF ACTION FROM STATE COURT TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446

21STCV05726
Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Robert Draper

Electronically FILED by Superior Court of California, County of Los Angeles on 02/16/2021 12:00 AM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Barel,Deputy Clerk

**ROSS & MORRISON**
Gary B. Ross (SBN 121691)
Andrew D. Morrison (SBN 144216)
315 S. Beverly Drive, Suite 410
Beverly Hills, CA 90212
Ph.: 310.285.0391; Fax: 310.285.6083
www.rossandmorrison.com

Attorneys for Plaintiff

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

| LAUREN GOLDENBERG | CASE NO. 21STCV05726 |
|---|---|
| Plaintiff, | COMPLAINT FOR DAMAGES: |
| v. | |
| VANTAGE TRAVEL SERVICES, INC.; INSPERITY, INC.; and DOES 1-100, | 1. VIOLATION OF FEHA: DISABILITY DISCRIMINATION |
| | 2. WRONGFUL TERMINATION |
| Defendants. | 3. VIOL. OF LABOR CODE § 1102.5 |
| | 4. INTL. INFL. OF EM. DIST. |
| | 5. NEGL. INFL. OF EM. DIST. |
| | DEMAND FOR JURY TRIAL |

Summary. Action for wrongful termination, failure to accommodate, failure to engage, discrimination, retaliation and related claims. Plaintiff commenced employment with defendants on May 6, 2019. Shortly thereafter, plaintiff was diagnosed with Chronic Regional Pain Syndrome ("CRPS"). It was agreed that plaintiff would work remotely from her home through the end of July. On July 15, 2019, plaintiff provided a medical authorization requesting an additional seven (7) business days of work from home. Defendants refused to accommodate and instead summarily terminated plaintiff's employment.

/ / /

Plaintiff alleges, based on personal knowledge and/or information and belief:

### IDENTIFICATION OF PARTIES

1. <u>Plaintiff</u>. Plaintiff Lauren Goldenberg ("plaintiff") is an individual residing in Los Angeles County, California.

2. <u>Named defendants</u>. On information and belief, named entity defendants Vantage Travel Services, Inc. aka Vantage Deluxe World Travel, and Insperity, Inc., aka Insperity, aka Insperity HR Solutions, (collectively "Entity Defendants"), are business entity(ies), believed to be corporations and/or limited liability companies, which are (and/or whose members are) incorporated, headquartered and/or doing business principally in California.

3. <u>Doe defendants</u>. Defendants Doe 1-100 are named fictitiously. Plaintiff will amend to plead the names of such defendants when known.

4. <u>Relationship of defendants</u>. Each defendant was responsible for the events and damages alleged herein, including, without limitation, on at least one of the following bases:

    a. Committing the acts alleged; and/or

    b. Alternatively, at all relevant times, one or more of the defendant(s) was the agent or employee, and/or acted under the control or supervision of, one or more of the remaining defendants, and in doing the acts alleged, acted within the course and scope of such agency and employment, and/or otherwise liable for plaintiff's damages; and/or

    c. Alternatively, at all relevant times there

existed, a unity of ownership and interest between two or more of the defendants, and/or defendants exercised domination and control over one another, such that any individuality and separateness between said defendants has ceased, and defendants are the alter ego(s) of one another, and adherence to the fiction of separate existence of the defendants would permit abuse of the corporate privilege and would sanction fraud and promote injustice; and/or

    d. Alternatively, one or more defendant(s) and/or their subsidiaries/related entities and/or their respective agents/employees, was/were liable for the conduct alleged below under the doctrines of employer, joint employer, principal/agent, integrated enterprise, co-employer, partnership and/or other applicable legal rule(s) or doctrine(s). As such, such persons/entities are jointly and severally liable, with attendant obligations and responsibilities to plaintiff.

5. "Defendant." The named defendant(s) and Doe defendants are sometimes hereafter referred to (collectively and/or individually) as "defendant" or "defendant(s)" or "defendants."

## FACTS COMMON TO ALL CAUSES OF ACTION

6. Plaintiff's hire. Plaintiff commenced her employment with defendant (Vantage and Insperity) on about May 6, 2019.

7. Plaintiff's injury/disability. On or about May 24, 2019, plaintiff was diagnosed with Chronic Regional Pain Syndrome ("CRPS") a serious and painful medical condition, which limits the patient's mobility, and which requires treatment and accommodation including, in this instance, plaintiff working remotely from her home. In or about mid-June, 2019, it was

mutually agreed, among other things, that Plaintiff could work remotely through the end of July, 2019.

8. <u>Defendant's adverse reaction (termination)</u>. On or about July 15, 2019, plaintiff sent defendant an updated medical note, dated July 11, 2019, certifying that she would be medically cleared to return without restrictions as of August 11, 2019; however, as it would be very difficult to travel prior to that time, she would request to continue to work remotely for approximately an additional 7 (seven) business days: through August 11, 2019. Unfortunately, rather than accommodate plaintiff's disability, and rather than engaging in a timely good faith meet and confer process, defendant immediately simultaneously failed and refused to accommodate, and summarily terminated Plaintiff's employment, as confirmed a few times, including, inter alia, in an email dated August 1, 2019.

9. <u>Economic damages</u>. As a consequence of defendant's conduct, plaintiff has suffered and will suffer harm, including, without limitation, lost past and future income and employment benefits; and damage to career, in a sum to be proven at trial.

10. <u>Non-Economic damages</u>. As a consequence of defendant's conduct, plaintiff has suffered and will suffer psychological and emotional distress, in a sum to be proven at trial.

11. <u>Punitive damages</u>. Defendant's conduct constitutes oppression, fraud or malice under California Civil Code Section 3294, so as to entitle plaintiff to an award of exemplary/ punitive damages, including:

a. <u>Malice</u>. Defendant's conduct was done with malice within the meaning of California Civil Code Section 3294,

4
COMPLAINT

including that (a) defendant acted with intent to cause injury to plaintiff, and/or acted with reckless disregard toward plaintiff's injury, including by terminating and/or taking other adverse job action against plaintiff based on plaintiff's physical disability, need (and request) for accommodation, and/or good faith complaints; and/or (b) defendant's conduct was despicable, with willful and conscious disregard of plaintiff's rights, health and safety, including plaintiff's right to be free of discrimination, failure to accommodate or interact, harassment, retaliation, and wrongful termination.

      b.  <u>Oppression</u>.  In addition, and/or alternatively, defendant's conduct was done with oppression within the meaning of California Civil Code Section 3294, including that defendant's actions against plaintiff based on plaintiff's physical disability, need (and request) for accommodation, and/or good faith complaints, was "despicable" and subjected plaintiff to cruel and unjust hardship, in knowing disregard of plaintiff's rights to a workplace free of discrimination, failure to accommodate or interact, harassment, retaliation and wrongful termination.

      c.  <u>Fraud</u>.  In addition, and/or alternatively, defendant's conduct, as alleged, was fraudulent within the meaning of California Civil Code Section 3294, including that defendant asserted false (pretextual) grounds for termination and/or other adverse job action(s), to thereby harm plaintiff and deprive plaintiff of legal rights.

12.  <u>Exhaustion of administrative remedies</u>.  Prior to filing this action, plaintiff timely exhausted administrative

1  remedies, by timely filing an administrative complaint with the
2  Department of Fair Employment and Housing ("DFEH") and receiving
3  a DFEH right to sue letter dated October 27, 2020.

## FIRST CAUSE OF ACTION
### Violation of FEHA, Cal. Govt. Code §§ 12900 et seq.
### Against All Defendants

7  13.  Paragraphs 1-12 are incorporated.

8  14.  Plaintiff's physical, need (and request) for reasonable accommodation, taking leave, attempting to and/or exercising rights under Cal. Govt. Code §§ 12900 et seq., ("FEHA"), good faith complaints, and/or other characteristic(s) protected by the FEHA, were motivating factors in defendant's decision to terminate plaintiff, to not retain, hire or otherwise employ plaintiff in any position, refusal to accommodate plaintiff, and/or taking other adverse job action(s) against plaintiff.

17 15.  Defendant's conduct, as alleged, violated FEHA, and defendant committed unlawful employment practice(s) as defined therein, including, without limitation, by the following, separate bases for liability:

   a.  Terminating, barring, discharging, refusing to transfer, retain, hire, select, and/or employ; and/or otherwise discriminating against plaintiff, based, in whole or in part, on physical disability, need (and request) for reasonable accommodation, taking leave, attempting to and/or exercising rights under FEHA, good faith complaints, and/or other

|     |    |                                                                              |
|-----|----|------------------------------------------------------------------------------|
| 1   |    | characteristic(s) protected by the FEHA, in                                  |
| 2   |    | violation of Cal. Govt. Code § 12940(a).                                     |
| 3   | b. | Failing to accommodate plaintiff's physical                                  |
| 4   |    | disability, in violation of Cal. Govt. Code §                                |
| 5   |    | 12940(m).                                                                    |
| 6   | c. | Failing to engage in a timely, good faith                                    |
| 7   |    | interactive process to determine reasonable                                  |
| 8   |    | accommodation, in violation of Cal. Govt. Code §                             |
| 9   |    | 12940(n).                                                                    |
| 10  | d. | Harassing plaintiff and/or creating a hostile                                |
| 11  |    | work environment, based, in whole or in part, on                             |
| 12  |    | plaintiff's physical disability, and/or other                                |
| 13  |    | protected characteristic(s), in violation of Cal.                            |
| 14  |    | Govt. Code § 12940(j).                                                       |
| 15  | e. | Failing to take all reasonable steps to prevent                              |
| 16  |    | discrimination and harassment based on physical                              |
| 17  |    | disability, and/or other protected                                           |
| 18  |    | characteristic(s), in violation of Cal. Govt.                                |
| 19  |    | Code § 12940(k).                                                             |
| 20  | f. | Retaliating against plaintiff for seeking to                                 |
| 21  |    | exercise rights guaranteed under the FEHA and/or                             |
| 22  |    | opposing defendant's failure to provide such                                 |
| 23  |    | rights, including, without limitation, rights of                             |
| 24  |    | reasonable accommodation, interactive process,                               |
| 25  |    | leave rights, and/or freedom from discrimination,                            |
| 26  |    | in violation of Cal. Govt. Code § 12940(h).                                  |
| 27  | g. | Failing to provide plaintiff with requisite                                  |
| 28  |    | statutory leave; violating notice and/or other                               |

7

COMPLAINT

```
1            procedural requisites of leave; and/or
2            retaliating against plaintiff for taking leave,
3            in violation of Cal. Govt. Code § 12945.2.
```

## SECOND CAUSE OF ACTION

Wrongful Termination in Violation of Public Policy

Against Entity Defendants and Does 1-50

16. Paragraphs 1-15 are incorporated.

17. Public policy of the State of California (as evinced, inter alia, in the FEHA) prohibits job discrimination on the basis of an employee's physical disability, need (and request) for accommodation, age, and/or good faith complaints.

18. Defendant's termination of plaintiff, and/or other adverse job action(s), violated said policy(ies) of the State of California.

## THIRD CAUSE OF ACTION

Viol. of Cal. Labor Code § 1102.5

Against All Defendants

19. Paragraphs 1-18 are incorporated.

20. Defendants policies/practices and conduct in terminating and retaliating against plaintiff for opposing defendants' misconduct and/or seeking to exercise rights as alleged violated Cal. Labor Code § 1102.5.

## FOURTH CAUSE OF ACTION

Intentional Infliction of Emotional Distress

Against All Defendants

21. Paragraphs 1-20 are incorporated.

22. Defendant was aware that treating plaintiff in the manner alleged above, including depriving plaintiff of

1 | livelihood due to injury, would devastate plaintiff and cause
2 | plaintiff extreme hardship.
3 |    23.  Defendant's conduct, as described above, was extreme
4 | and outrageous and was done with the intent of, and effect of,
5 | causing plaintiff to suffer emotional distress.

## FIFTH CAUSE OF ACTION

Negligent Infliction of Emotional Distress

Against All Defendants

9 |    24.  Paragraphs 1-23 are incorporated.
10 |    25.  In the alternative, defendant's conduct, as alleged
11 | above, was done in a careless or negligent manner, without
12 | consideration for the effect of such conduct upon plaintiff's
13 | emotional well-being.

## PRAYER

WHEREFORE, plaintiff prays for judgment as follows:

1. For compensatory economic and non-economic damages in an amount to be proven at trial;
2. For punitive damages, according to proof;
3. For prejudgment interest;
4. For injunctive relief against defendants;
5. For costs of suit, including attorneys' fees;
6. For such other relief the Court deems proper.

February 12, 2021                ROSS & MORRISON

                          By:  /s/ Andrew D. Morrison
                               Gary B. Ross
                               Andrew D. Morrison
                               Attorneys for Plaintiff

9

COMPLAINT

complaint FINAL.wpd

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury in this action.

February 12, 2021                ROSS & MORRISON

By:  /s/ Andrew D. Morrison
Gary B. Ross
Andrew D. Morrison
Attorneys for Plaintiff