**ROSS & MORRISON**
Gary B. Ross (SBN 121691)
ross@rossandmorrison.com
Andrew D. Morrison (SBN 144216)
morrison@rossandmorrison.com
9440 S. Santa Monica Blvd., Suite 301
Beverly Hills, CA 90210
Ph.: 310.285.0391; Fax: 310.285.6083

Attorneys for Plaintiff

**FISHER & PHILLIPS LLP**
Mark J. Jacobs (SBN 208945)
E-Mail: mjacobs@fisherphillips.com
Drew M. Tate (SBN 312219)
E-Mail: dtate@fisherphillips.com
444 South Flower Street, Suite 1500
Los Angeles, California 92614
Telephone: (213) 330-4500
Facsimile: (213) 330-4501

Attorneys for Defendants
VANTAGE TRAVEL SERVICE, INC.
and INSPERITY PEO SERVICES, L.P.
Attorneys for Defendants

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Lauren Goldenberg,<br><br>        Plaintiff,<br>v.<br><br>Vantage Travel Services,<br>Inc., et al.,<br><br>        Defendants.<br>_____ | ) Case No. CV 21-2667-JFW(JCx)<br>)<br>) JOINT STATEMENT RE: LOCAL<br>) RULE 7-3 CONFERENCE RE:<br>) PLAINTIFF'S MOTION FOR<br>) REMAND<br>)<br>)<br>)<br>) |

Plaintiff Lauren Goldenberg and defendants Vantage Travel Services, Inc. and Insperity PEO Services, L.P. submit the following Joint Statement regarding the parties' Local Rule 7-3 Conference, pursuant to Court's Standing Order, ¶5(b) [ECF Doc. No. 11.]

/ / /

/ / /

---

1

JOINT STATEMENT RE: LOCAL RULE 7-3 CONFERENCE
Jt Stmt re 7-3 Meeting re Mtn for Remand FINAL 04-15-21.wpd

1  LOCAL RULE 7-3 CONFERENCE DETAILS:
2  Date:            April 12, 2021 (approx. 3:15 pm)
3  Duration:        Approx. 10 minutes
4  Method:          Zoom video conference[1]
5  Participants:    Andrew D. Morrison for Plaintiff
6                   Mark J. Jacobs for Defendants
7                   Drew M. Tate for Defendants
8  Issues discussed during the conference:

Plaintiff's counsel set forth the basis for plaintiff's motion for remand, that defendants' Notice of Removal [ECF Doc. No. 1] was defective because it did not include, or even mention, defendant Insperity, Inc. As a consequence, defendants' removal fails for lack of joinder of a named and served party, namely Insperity, Inc.

Plaintiff contends that service on Insperity, Inc. on February 25, 2021 is established by defendants' own papers supporting Notice of Removal, which acknowledge service on an Insperity entity on February 25, 2021, including Notice of Removal [ECF Doc. No. 1] ¶¶5, 9; Declaration of Drew M. Tate [ECF Doc. No. 5] ¶ 5; Declaration of Lecia Chaney [ECF Doc. No. 6] ¶ 3. As Insperity, Inc. was the only "Insperity" entity in the case as of February 25, 2021, defendants'

/ / /
/ / /
/ / /

---

[1] Lead Trial Counsel for Defendants is in Orange County; Lead Trial Counsel for Plaintiff is in Los Angeles County.

papers establish service on Insperity, Inc. as of that date.[2]

Plaintiff contends that Insperity PEO Service, L.P.'s choice to appear as a defendant in lieu of Insperity, Inc. (using the allegation "erroneously named as") does not eliminate Insperity, Inc. from the case, nor excuse Insperity, Inc.'s failure to appear and failure to join in the March 26, 2021 Notice of Removal.

Finally, plaintiff contends that Insperity, Inc.'s time to remove has passed and any effort to remove or join in removal would be untimely.

At the conference, Counsel for defendants indicated that defendants would consider plaintiff's arguments and look into the issues.

/ / /

---

[2] Although defendants' removal papers indicate service on Inspertiy PEO Service, L.P., plaintiff contends that this is technically impossible because Insperity PEO Services, L.P. was neither a named defendant nor a Doe defendant as of February 25, 2021. Therefore, the only "Insperity" entity that could have been served on that February 25, 2021 was the named defendant Insperity, Inc., the sole "Insperity" entity involved in the case as of that date.

Defendants' filings also show that Insperity, Inc. is the parent corporation of Insperity PEO Services, L.P. (See Defts' Corp. Disclosure Stmt [ECF Doc. No. 7] ¶6) and the two entities operate out of the same address of 19001 Crescent Springs Drive, Kingwood, Texas 77339. See Chaney decl. [ECF Doc. No. 6] ¶5; compare, Insperity, Inc. 2020 Annual 10-K Report, p. 1.

<u>Issues resolved during the conference and issues remaining</u>. As of this filing the following issues remain:

- Do defendants' Notice of Removal and supporting documents establish service on Insperity, Inc. was accomplished on February 25, 2021?
- Does Insperity, Inc.'s absence from defendants' Notice of Removal render such removal ineffective and justify remand for lack of joinder?
- Has the passage of time ensured that any effort by Insperity, Inc. to join in removal would be time-barred?

Dated: April 15, 2021    ROSS & MORRISON

By: /s/ Andrew D. Morrison
Gary B. Ross
Andrew D. Morrison
Attorneys for Plaintiff

Dated: April 15, 2021    FISHER & PHILLIPS LLP

By: /s/ Mark J. Jacobs
Mark J. Jacobs
Drew M. Tate
Attorneys for Defendant