**ROSS & MORRISON**
Gary B. Ross (SBN 121691)
ross@rossandmorrison.com
Andrew D. Morrison (SBN 144216)
morrison@rossandmorrison.com
315 S. Beverly Drive, Suite 410
Beverly Hills, CA 90212
Ph.: 310.285.0391; Fax: 310.285.6083

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Lauren Goldenberg, | ) Case No. CV 21-2667-JFW(JCx) |
| | ) |
| Plaintiff, | ) PLAINTIFF'S MEMORANDUM OF |
| v. | ) POINTS AND AUTHORITIES IN |
| | ) SUPPORT OF MOTION FOR REMAND |
| Vantage Travel Services, | ) |
| Inc., et al., | ) DATE:  May 24, 2021 |
| | ) TIME:  1:30 p.m. |
| Defendants. | ) CTRM:  7A |
| _____ | ) JUDGE: Hon. John F. Walter |

1.  <u>Introduction/Summary</u>.  This is a motion to remand a removed action. Removal fails for lack of unanimity because named and served defendant Insperity, Inc. failed to join in the removal. Therefore defendants' removal was defective, and the case should be remanded to State Court.

2.  <u>Relevant Dates/Timeline</u>.

02/12/21 Action filed in State Court naming two defendants, including "Insperity, Inc." See Complaint [ECF Doc. No. 1-1, Caption and p. 2]

02/25/21 Service on the Insperity defendant completed. See Notice of Removal [ECF Doc. No. 1, p. 3, ¶5]

03/26/21 Removal - No joinder by Insperity, Inc. See Notice of Removal [ECF Doc. No. 1]

3.   Argument -- Defendants' Removal was Defective.

a.   Defendants' burden. Defendant has the burden of establishing that removal was proper. Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). The removal statute is strictly construed against removal jurisdiction; there is a "strong presumption against removal jurisdiction," and removal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

b.   Unanimity requirement. The removal statutes are clear that where multiple defendants are named, **all** named and served defendants **must** join the removal.

"When a civil action is removed solely under section 1441(a), **all** defendants who have been properly joined and served **must** join in or consent to the removal of the action."

28 U.S.C.A. § 1446 (b)(2)(a) (emphasis added).

Moreover, defendants have the burden of explaining any omission:

"Where fewer than all the defendants have joined in a removal action, the removing party has the burden under section 1446(a) to explain affirmatively the absence of any co-defendants in the notice for removal."

Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1266 (9th Cir. 1999) (superseded by statute on other grounds).

1    Finally, defendants must affirmatively explain the

2  absence of any co-defendant in the notice of removal,

3  otherwise the notice is facially defective. Prize Frize,

4  Inc., supra, 167 F.3d at 1266 (remand proper where "the

5  notice was facially deficient for failing to explain why

6  all non-joining defendants had not consented").

7        c.   Defendants failed to meet the unanimity

8  requirement. Here, defendants cannot meet their burden of

9  demonstrating proper removal, because defendant Insperity,

10  Inc., which was named and served, failed to meet join in

11  removal. Therefore the case should be remanded.

12        (1)  Insperity, Inc. was named and served.

13  Insperity, Inc. is one of two named defendants. Service on

14  Insperity, Inc. on February 25, 2021 is established by

15  defendants' own papers, which acknowledge service on an

16  Insperity entity on February 25, 2021. Notice of Removal

17  [ECF Doc. No. 1, ¶¶5, 9]; Declaration of Drew M. Tate [ECF

18  Doc. No. 5 ¶ 5]; Declaration of Lecia Chaney [ECF Doc. No.

19  6 ¶ 3]. As Insperity, Inc. was the only "Insperity" entity

20  in the case as of February 25, 2021, defendants' papers

21  establish service on Insperity, Inc. as of that date.[1]

22  _____

23        [1]   Although defendants' removal papers indicate service
         on Inspertiy PEO Service, L.P., that is technically
24        impossible because Insperity PEO Services, L.P. was
         neither a named defendant nor a Doe defendant as of
25        February 25, 2021. Therefore, the only "Insperity"
         entity that could have been served on that February
26        25, 2021 was the named defendant Insperity, Inc.,
         the sole "Insperity" entity involved in the case as
27        of that date.

28

MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION FOR REMAND
Mtn for remand - Memo.wpd

1    (2)  Insperity, Inc. did not join in removal,

2    so unanimity was not met. It is undisputed that Insperity,

3    Inc. did not join in the removal. The Notice of Removal

4    shows on its face that is was specifically joined in by two

5    other entities; not Insperity, Inc. See Notice of Removal

6    [ECF Doc. No. 1]

7    (3)  The Notice of Removal did not explain

8    Inperity. Inc.'s absence, rendering it facially defective.

9    In addition to Insperity, Inc.'s absence (above), the

10   Notice of Removal here is facially defective for failing to

11   explain this absence; further grounds for remand.

12   Specifically, Insperity PEO Service, L.P.'s choice to

13   appear as a defendant in lieu of Insperity, Inc. (using the

14   allegation "erroneously named as") does not eliminate

15   Insperity, Inc. from the case, nor excuse Insperity, Inc.'s

16   failure to appear; much less provide any justification for

17   Insperity, Inc.'s failure to join in removal.

18   This facially defective removal is a separate and

19   independent grounds for remand. Prize Frize, Inc., supra,

20   167 F.3d at 1266 (remand proper where "the notice was

21   facially deficient for failing to explain why all

22   non-joining defendants had not consented")

23   / / /

24   / / /

25

26   Defendants' filings also show that Insperity, Inc.
27   is the parent corporation of Insperity PEO Services,
     L.P. (See Defts' Corp. Disclosure Stmt [ECF Doc. No.
28   7 ¶6] ).

MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION FOR REMAND
Mtn for remand - Memo.wpd

1           d.   <u>Defendant's time has expired</u>. Finally,

2    Insperity, Inc.'s time to remove has passed and any effort

3    to remove or join in removal would be untimely. <u>Prize</u>

4    <u>Frize, Inc., supra, 167 F.3d at 1266</u> (remand proper where

5    "defects in the removal notice were not cured within the

6    thirty-day statutory period permitted for joinder").

7        Moreover, the Notice of Removal was facially defective

8    when filed (see above); which cannot be cured.

9         4.   <u>Conclusion</u>. For the reasons set forth above,

10   defendants' removal was procedurally defective and violated

11   the mandatory unanimity requirement of <u>28 U.S.C.A. § 1446</u>

12   <u>(b)(2)(a)</u>. Therefore remand is proper.

13   April 23, 2021              ROSS & MORRISON

14
                                    By:   <u> /s/ Andrew D. Morrison</u>

15                                       Gary B. Ross

16                                       Andrew D. Morrison
                                    Attorneys for Plaintiff

17

18

19

20

21

22

23

24

25

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION FOR REMAND

Mtn for remand - Memo.wpd