**ROSS & MORRISON**
Gary B. Ross (SBN 121691)
ross@rossandmorrison.com
Andrew D. Morrison (SBN 144216)
morrison@rossandmorrison.com
315 S. Beverly Drive, Suite 410
Beverly Hills, CA 90212
Ph.: 310.285.0391; Fax: 310.285.6083

Attorneys for Plaintiff


UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAUREN GOLDENBERG,<br><br>            Plaintiff,<br><br>      v.<br><br>VANTAGE TRAVEL SERVICES,<br>INC.; INSPERITY, INC.;<br>INSPERITY PEO SERVICES, L.P.<br><br>            Defendants.<br>_____ | Case No. CV 21-2667-JFW(JCx)<br><br>FIRST AMENDED COMPLAINT<br><br>1. VIOLATION OF FEHA:<br>     DISABILITY<br>     DISCRIMINATION<br>2. WRONGFUL TERMINATION<br>3. VIOL. OF LABOR CODE<br>     § 1102.5<br>4. INTL. INFL. OF EM. DIST.<br>5. NEGL. INFL. OF EM. DIST.<br><br>DEMAND FOR JURY TRIAL |

     Reservation of Rights re: Jurisdiction and Remand.
Defendants removed this action on the ostensible basis of
diversity. Plaintiff contends that removal was improper and
that the action should be remanded to state court.
Plaintiff has filed a motion for remand set for hearing on
May 24, 2021. Plaintiff files this amended complaint solely
to remain in compliance with court orders. As with other
documents, this filing shall not be deemed a waiver of any
rights nor consent to jurisdiction, and plaintiff reserves
all rights to object to the jurisdiction of the court,
including the right to seek remand.

FIRST AMENDED COMPLAINT

1    Summary. Action for wrongful termination, failure to
2    accommodate, failure to engage, discrimination, retaliation
3    and related claims. Plaintiff commenced employment with
4    defendants on May 6, 2019. Shortly thereafter, plaintiff
5    was diagnosed with Chronic Regional Pain Syndrome ("CRPS").
6    It was agreed that plaintiff would work remotely from her
7    home through the end of July. On July 15, 2019, plaintiff
8    provided a medical authorization requesting an additional
9    seven (7) business days of work from home. Defendants
10   refused to accommodate and instead summarily terminated
11   plaintiff's employment.

12   　　　Plaintiff alleges, based on personal knowledge and/or
13   information and belief:

14   　　　　　　　　　　IDENTIFICATION OF PARTIES

15   　　　1.　Plaintiff. Plaintiff Lauren Goldenberg
16   ("plaintiff") is an individual residing in Los Angeles
17   County, California.

18   　　　2.　Defendants. Defendants are:

19   　　　　　a.　Defendants Vantage Travel Services, Inc. aka
20   Vantage Deluxe World Travel (Sometimes hereafter referred
21   to as "Vantage").

22   　　　　　b.　Insperity, Inc., aka Insperity, aka Insperity
23   HR Solutions.

24   　　　　　c.　Insperity PEO Services, L.P., aka Insperity,
25   aka Insperity HR Solutions. On information and belief,
26   Insperity, Inc. is the parent entity of Insperity PEO
27   Services, L.P., and exercised control and dominion over
28   Insperity PEO Services, L.P. so as to be legally liable for

FIRST AMENDED COMPLAINT
FAC - FIrst Amended Complaint.wpd

1   its action herein. (Insperity, Inc. and Insperity PEO

2   Services, L.P. are sometimes hereafter collectively

3   referred to as "Insperity")

4       3.   <u>Relationship of defendants</u>. Each defendant was

5   responsible for the events and damages alleged herein,

6   including, without limitation, on at least one of the

7   following bases:

8           a.   <u>Direct liability</u>. Committing the acts alleged

9   (including specifically, without limitation, that Vantage

10  and Insperity engaged in the relevant conduct); and/or

11          b.   <u>Agency</u>. Alternatively, at all relevant times,

12  one or more of the defendants was the agent or employee,

13  and/or acted under the control or supervision of, one or

14  more of the remaining defendants, and in doing the acts

15  alleged, acted within the course and scope of such agency

16  and employment, and/or otherwise liable for plaintiff's

17  damages (including specifically, without limitation, that

18  Insperity acted as Vantage's agent and acted within the

19  course and scope of such agency); and/or

20          c.   <u>Alter ego</u>. Alternatively, at all relevant

21  times there existed, a unity of ownership and interest

22  between two or more of the defendants, and/or defendants

23  exercised domination and control over one another, such

24  that any individuality and separateness between said

25  defendants has ceased, and defendants are the alter ego(s)

26  of one another, and adherence to the fiction of separate

27  existence of the defendants would permit abuse of the

28  corporate privilege and would sanction fraud and promote

3

1   injustice (including specifically, without limitation, that

2   Insperity, Inc. and Insperity PEO Services, L.P. are alter

3   egos of one another); and/or

4          d.   Joint employer. Alternatively, one or more

5   defendant(s) was/were liable for the conduct alleged below

6   under the doctrines of employer, joint employer, integrated

7   enterprise, co-employer, partnership and/or other

8   applicable legal rule(s) or doctrine(s) (including

9   specifically, without limitation, that Insperity is liable

10  under these doctrine(s) with respect to its relationship

11  with Vantage; and Insperity, Inc. is liable under these

12  doctrine(s) with respect to its relationship with Insperity

13  PEO Service, L.P.). Vantage and Insperity, directly and/or

14  indirectly, each had authority to and/or in fact exercised

15  control over the means and manner of the employee's

16  performance, and in addition, without limitation, payment

17  of salary or other benefits; ownership of the equipment

18  used; the location of the relevant work; responsibility for

19  training; authority to promote or discharge; and power to

20  determine the schedule, assignment and amount of the

21  employee's compensation. In addition, Vantage and Insperity

22  each held themselves out to be plaintiff's employer,

23  including in communications to plaintiff. As such, each

24  defendant is jointly and severally liable, with attendant

25  obligations and responsibilities to plaintiff.

26     4.   "Defendant." The named defendants are sometimes

27  hereafter referred to (collectively and/or individually) as

28  "defendant" or "defendant(s)" or "defendants."

FIRST AMENDED COMPLAINT

FAC - FIrst Amended Complaint.wpd

FACTS COMMON TO ALL CAUSES OF ACTION

5.   <u>Plaintiff's hire</u>. Plaintiff commenced her employment with defendants (Vantage and Insperity) on about May 6, 2019.

6.   <u>Plaintiff's injury/disability</u>. On or about May 24, 2019, plaintiff was diagnosed with Chronic Regional Pain Syndrome ("CRPS") a serious and painful medical condition, which limits the patient's mobility, and which requires treatment and accommodation including, in this instance, plaintiff working remotely from her home. In or about mid-June, 2019, it was mutually agreed, among other things, that Plaintiff could work remotely through the end of July, 2019.

7.   <u>Defendants' adverse reaction (termination)</u>. On or about July 15, 2019, plaintiff sent defendants an updated medical note, dated July 11, 2019, certifying that she would be medically cleared to return without restrictions as of August 11, 2019; however, as it would be very difficult to travel prior to that time, she would request to continue to work remotely for approximately an additional 7 (seven) business days: through August 11, 2019. Unfortunately, rather than accommodate plaintiff's disability, and rather than engaging in a timely good faith meet and confer process, defendants immediately simultaneously failed and refused to accommodate, and summarily terminated Plaintiff's employment, as confirmed a few times, including, inter alia, in an email dated August 1, 2019.

5
FIRST AMENDED COMPLAINT

FAC - FIrst Amended Complaint.wpd

1    8.   <u>Causation</u>. Defendants' conduct was a substantial

2    factor in causing plaintiff harm, as described below.

3    9.   <u>Economic damages</u>. As a consequence of defendants'

4    conduct, including without limitation termination of

5    plaintiff's employment and/or other adverse job action(s),

6    plaintiff has suffered and will suffer harm, including,

7    without limitation, lost past and future income and

8    employment benefits; and damage to career, in a sum to be

9    proven at trial.

10    10.  <u>Non-Economic damages</u>. As a consequence of

11    defendants' conduct, including without limitation

12    termination of plaintiff's employment and/or other adverse

13    job action(s), plaintiff has suffered and will suffer

14    psychological and emotional distress, as well as

15    exacerbation of her Chronic Regional Pain Syndrome

16    ("CRPS"), in a sum to be proven at trial.

17    11.  <u>Punitive damages</u>. Defendant's conduct constitutes

18    oppression, fraud or malice under California Civil Code

19    Section 3294, so as to entitle plaintiff to an award of

20    exemplary/ punitive damages, including:

21         a.   <u>Malice</u>. Defendants' conduct was done with

22    malice within the meaning of California Civil Code Section

23    3294, including that (a) defendants acted with intent to

24    cause injury to plaintiff, and/or acted with reckless

25    disregard toward plaintiff's injury, including by

26    terminating and/or taking other adverse job action against

27    plaintiff based on plaintiff's physical disability, need

28    (and request) for accommodation, and/or good faith

FIRST AMENDED COMPLAINT

FAC - FIrst Amended Complaint.wpd

1   complaints; and/or (b) defendants' conduct was despicable,

2   with willful and conscious disregard of plaintiff's rights,

3   health and safety, including plaintiff's right to be free

4   of discrimination, failure to accommodate or interact,

5   harassment, retaliation, and wrongful termination.

6          b.   <u>Oppression</u>. In addition, and/or

7   alternatively, defendants' conduct was done with oppression

8   within the meaning of California Civil Code Section 3294,

9   including that defendants' actions against plaintiff based

10  on plaintiff's physical disability, need (and request) for

11  accommodation, and/or good faith complaints, was

12  "despicable" and subjected plaintiff to cruel and unjust

13  hardship, in knowing disregard of plaintiff's rights to a

14  workplace free of discrimination, failure to accommodate or

15  interact, harassment, retaliation and wrongful termination.

16         c.   <u>Fraud</u>. In addition, and/or alternatively,

17  defendants' conduct, as alleged, was fraudulent within the

18  meaning of California Civil Code Section 3294, including

19  that defendants asserted false (pretextual) grounds for

20  termination and/or other adverse job action(s), to thereby

21  harm plaintiff and deprive plaintiff of legal rights.

22     12.  <u>Exhaustion of administrative remedies</u>. Prior to

23  filing this action, plaintiff timely exhausted

24  administrative remedies, by timely filing an administrative

25  complaint with the Department of Fair Employment and

26  Housing ("DFEH") and receiving a DFEH right to sue letter

27  dated October 27, 2020.

28  / / /

FIRST AMENDED COMPLAINT

FAC - FIrst Amended Complaint.wpd

1          <u>FIRST CAUSE OF ACTION</u>

2      Violation of FEHA, Cal. Govt. Code §§ 12900 et seq.

3                    Against All Defendants

4      13.  Paragraphs 1-12 are incorporated.

5      14.  <u>Causation</u>. Plaintiff's physical, need (and

6  request) for reasonable accommodation, taking leave,

7  attempting to and/or exercising rights under Cal. Govt.

8  Code §§ 12900 et seq., ("FEHA"), good faith complaints,

9  and/or other characteristic(s) protected by the FEHA, were

10 substantial motivating factors in defendants' decision to

11 terminate plaintiff, to not retain, hire or otherwise

12 employ plaintiff in any position, refusal to accommodate

13 plaintiff, and/or taking other adverse job action(s)

14 against plaintiff.

15     15.  <u>Violation(s)</u>. Defendants' conduct, as alleged,

16 violated FEHA, and defendants committed unlawful employment

17 practice(s) as defined therein, including, without

18 limitation, by the following, separate bases for liability:

19          a.   <u>Discrimination</u>. Terminating, barring,

20               discharging, refusing to transfer, retain,

21               hire, select, and/or employ; and/or otherwise

22               discriminating against plaintiff, based, in

23               whole or in part, on physical disability,

24               need (and request) for reasonable

25               accommodation, taking leave, attempting to

26               and/or exercising rights under FEHA, good

27               faith complaints, and/or other

28               characteristic(s) protected by the FEHA, in

                              8
                  FIRST AMENDED COMPLAINT

1      violation of Cal. Govt. Code § 12940(a).

2      b.   Accommodation. Failing to accommodate

3           plaintiff's physical disability, in violation

4           of Cal. Govt. Code § 12940(m).

5      c.   Interactive process. Failing to engage in a

6           timely, good faith interactive process to

7           determine reasonable accommodation, in

8           violation of Cal. Govt. Code § 12940(n).

9      d.   Harassment. Harassing plaintiff and/or

10          creating a hostile work environment, based,

11          in whole or in part, on plaintiff's physical

12          disability, and/or other protected

13          characteristic(s), in violation of Cal. Govt.

14          Code § 12940(j).

15     e.   Failure to prevent. Failing to take all

16          reasonable steps to prevent discrimination

17          and harassment based on physical disability,

18          and/or other protected characteristic(s), in

19          violation of Cal. Govt. Code § 12940(k).

20     f.   Retaliation. Retaliating against plaintiff

21          for seeking to exercise rights guaranteed

22          under the FEHA and/or opposing defendants'

23          failure to provide such rights, including,

24          without limitation, rights of reasonable

25          accommodation, interactive process, leave

26          rights, and/or freedom from discrimination,

27          in violation of Cal. Govt. Code § 12940(h).

28   / / /

9

FIRST AMENDED COMPLAINT

FAC - FIrst Amended Complaint.wpd

1    g.  Leave rights. Failing to provide plaintiff

2        with requisite statutory leave; violating

3        notice and/or other procedural requisites of

4        leave; and/or retaliating against plaintiff

5        for taking leave, in violation of Cal. Govt.

6        Code § 12945.2.

7                    SECOND CAUSE OF ACTION

8        Wrongful Termination in Violation of Public Policy

9            Against Entity Defendants and Does 1-50

10   16.  Paragraphs 1-15 are incorporated.

11   17. Public policy.  Public policy of the State of

12   California (as evinced, inter alia, in the FEHA) prohibits

13   job discrimination on the basis of an employee's physical

14   disability, need (and request) for accommodation, and/or

15   good faith complaints.

16   18. Violation(s). Defendants termination of plaintiff,

17   and/or other adverse job action(s), violated said

18   policy(ies) of the State of California, including, without

19   limitation, those set forth in the preceding paragraph.

20                    THIRD CAUSE OF ACTION

21            Viol. of Cal. Labor Code § 1102.5

22                  Against All Defendants

23   19.  Paragraphs 1-18 are incorporated.

24   20. Protected conduct. In connection with her

25   communications regarding accommodation and her physician's

26   note, above, plaintiff disclosed (and/or defendants

27   believed that plaintiff had disclosed and/or might

28   disclose) to a person with authority over plaintiff (and/or

10

FIRST AMENDED COMPLAINT

FAC - FIrst Amended Complaint.wpd

1    an employee with authority to investigate, discover, or

2    correct legal violations and/or noncompliance), that

3    plaintiff was entitled to a reasonable accommodation of her

4    disability and/or timely, good faith interactive process to

5    determine same and sought to exercise such rights; and/or

6    that defendants were not providing and/or denying same;

7    and/or that plaintiff refused to acquiesce in defendants'

8    refusal to accommodate and/or interact.

9        21.  <u>Reasonable belief</u>. That plaintiff had reasonable

10   cause to believe that the information disclosed a violation

11   of a state and/or federal statute and/or violation of

12   and/or noncompliance with a local, state and/or federal

13   rule or regulation (including without limitation FEHA and

14   its implementing regulations); and/or that plaintiff's

15   participation in defendants' refusal to accommodate and/or

16   interact would result in a violation of a state and/or

17   federal statute and/or violation of and/or noncompliance

18   with a local, state and/or federal rule or regulation

19   (including without limitation FEHA and its implementing

20   regulations).

21       22.  <u>Causation</u>. That plaintiff's disclosure of

22   information, seeking to exercise her rights, and/or refusal

23   to acquiesce in defendants' refusal to accommodate and/or

24   interact was a contributing factor in defendants' decision

25   to discharge and/or take other adverse employment action(s)

26   against plaintiff.

27   / / /

28   / / /

FIRST AMENDED COMPLAINT
FAC – FIrst Amended Complaint.wpd

1

2

3

4     23.  Paragraphs 1-22 are incorporated.

5     24.  <u>Outrageous conduct</u>. Defendants' conduct, in

6   deliberately terminating a Chronic Regional Pain Syndrome

7   ("CRPS") victim because of her CRPS, is so extreme as to go

8   beyond all possible bonds of decency, and to be regarded as

9   intolerable in a civilized community. Such conduct is

10  especially reprehensible here, as (a) defendants abused a

11  position of authority over plaintiff; (b) defendants were

12  aware that plaintiff was particularly vulnerable to

13  emotional distress, while battling Chronic Regional Pain

14  Syndrome ("CRPS"); and (c) defendants knew the conduct

15  would likely result in harm due to mental distress. Said

16  conduct is also illegal; in violation of public policy; and

17  outside the compensation bargain.

18    25.  <u>Intent</u>. Said conduct was intended to cause

19  plaintiff emotional distress, or, alternatively, was done

20  in reckless disregard of the probability of causing

21  plaintiff emotional distress; i.e., either (a) defendants

22  knew that emotional distress would probably result from the

23  conduct; and/or (b) defendants gave little or no thought to

24  the probable effects of the conduct.

25    26.  <u>Severe emotional distress</u>. Plaintiff suffered

26  severe emotion distress as a result of defendants' conduct,

27  including, without limitation, suffering, nervousness,

28  anxiety, worry, shock, humiliation, and shame. Such

## <u>FOURTH CAUSE OF ACTION</u>

Intentional Infliction of Emotional Distress

Against All Defendants

FIRST AMENDED COMPLAINT

FAC - FIrst Amended Complaint.wpd

1  emotional distress was both substantial and long lasting,

2  such that no reasonable person in a civilized society

3  should be expected to bear it.

4      27. <u>Causation</u>. Defendants' conduct, as alleged, was a

5  substantial factor in causing plaintiff's severe emotional

6  distress.

7                    <u>FIFTH CAUSE OF ACTION</u>

8          Negligent Infliction of Emotional Distress

9                    Against All Defendants

10     28. Paragraphs 1-27 are incorporated.

11     29. <u>Negligence</u>. In the alternative, plaintiff alleges

12 that defendants' conduct was negligent:

13         a. <u>Duty</u>. Defendants owed plaintiff a duty of

14 reasonable care, arising from the employment relationship

15 between the parties and defendants' legal obligations

16 toward plaintiff, including as evinced in the FEHA.

17         b. <u>Breach</u>. Defendants' conduct, as alleged

18 above, was negligent, in that defendants failed to use

19 reasonable care in their conduct toward plaintiff and,

20 without consideration for the effect of such conduct upon

21 plaintiff or her emotional well-being.

22     30. <u>Serious emotional distress</u>. Plaintiff suffered

23 severe emotion distress as a result of defendants' conduct,

24 including, without limitation, suffering, nervousness,

25 anxiety, worry, shock, humiliation, and shame, as well as

26 exacerbation of her Chronic Regional Pain Syndrome ("CRPS")

27 such that an ordinary reasonable person would be unable to

28 cope with it.

FIRST AMENDED COMPLAINT

FAC - FIrst Amended Complaint.wpd

1    31.  Causation. Defendants' negligent conduct, as

2    alleged, was a substantial factor in causing plaintiff's

3    serious emotional distress.

4                              PRAYER

5    WHEREFORE, plaintiff prays for judgment as follows:

6    1.  For compensatory economic and non-economic damages

7    in an amount to be proven at trial, roughly estimated as

8    follows:

9    PAST LOE (Jul 2019-Apr 2021)    $   175,000

10   Future LOE (May 2021-May 2026)  $   500,000

11   Past Em. Dist.                  $ 2,000,000

12   Future Em. Dist.                $ 3,000,000;

13   2.  For punitive damages, according to proof, roughly

14   estimated as $10,000,000;

15   3.  For prejudgment interest;

16   4.  For injunctive relief against defendants;

17   5.  For costs of suit, including attorneys' fees;

18   6.  For such other relief the Court deems proper.

19   April 29, 2021              ROSS & MORRISON

20

21                        By:  /s/ Andrew D. Morrison
                               Gary B. Ross
22                             Andrew D. Morrison
                               Attorneys for Plaintiff
23   / / /

24   / / /

25   / / /

26

27

28

                              14
                    FIRST AMENDED COMPLAINT
     FAC - FIrst Amended Complaint.wpd

1

<u>DEMAND FOR JURY TRIAL</u>

2

    Plaintiff demands a trial by jury in this action.

3

April 29, 2021          ROSS & MORRISON

4

5

                 By:  <u>/s/ Andrew D. Morrison</u>   _
                    Gary B. Ross

6

                    Andrew D. Morrison
                    Attorneys for Plaintiff

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

15

FIRST AMENDED COMPLAINT

FAC - FIrst Amended Complaint.wpd