Mark J. Jacobs (SBN 208945)
E-Mail: mjacobs@fisherphillips.com
FISHER & PHILLIPS LLP
2050 Main Street, Suite 1000
Irvine, California 92614
Telephone: (949) 851-2424
Facsimile: (949) 851-0152

Drew M. Tate (SBN 312219)
E-Mail: dtate@fisherphillips.com
FISHER & PHILLIPS LLP
444 South Flower Street, Suite 1500
Los Angeles, California 92614
Telephone: (213) 330-4500
Facsimile: (213) 330-4501

Attorneys for Defendants
VANTAGE TRAVEL SERVICE, INC.,
INSPERITY, INC., and INSPERITY PEO
SERVICES, L.P.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAUREN GOLDENBERG,<br><br>Plaintiff,<br><br>v.<br><br>VANTAGE TRAVEL SERVICE, INC.; INSPERITY, INC.; and DOES 1-100,<br><br>Defendants. | Case No: 2:21-cv-02667-JFW-JC<br><br>[Removed from State Court, Case No. 21STCV05726]<br><br>**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFFS' MOTION TO REMAND TO STATE COURT**<br><br>DATE:  May 24, 2021<br>TIME:  1:30 p.m.<br>CTRM:  7A<br>JUDGE:  Hon. John F. Walter<br><br>Complaint Filed: February 16, 2021<br>FAC Filed: April 30, 2021<br>Trial Date: March 8, 2022 |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

In this action, Plaintiff LAUREN GOLDENBERG ("Plaintiff") inexplicably seeks to avoid litigating in federal court despite there being no question that this Court has subject matter jurisdiction over this matter based upon diversity jurisdiction. Indeed, Plaintiff does not contend and therefore admits that the Court has subject matter jurisdiction in this case because of the diversity of citizenship between all the Parties and that the amount in controversy exceeds $75,000.00.

Instead, Plaintiff weakly argues an alleged procedural deficiency in VANTAGE TRAVEL SERVICE, INC. ("Vantage") and INSPERITY PEO SERVICES, L.P.'s (collectively "Defendants") Notice of Removal in support of her request that this action be remanded back to the Superior Court of California, County of Los Angeles. Plaintiff's central and only argument is that this action should be remanded because "Insperity, Inc." did not consent to Defendant's to removal. However, case law holds that consent to removal by all defendants is not required at the time of removal. *See Destfino v. Reiswig*, 630 F.3d 952, 955 (9th Cir. 2011). Specifically, any defect in Defendants' unanimous consent must only be cured prior to entry of judgment. *Id*. Plaintiff, in her moving papers, nevertheless fails to cite law supporting a contrary position.

Notwithstanding that lack of non-consent to removal of all defendants is not a valid ground to remand an action back to state court, Plaintiff's argument is mooted because Insperity, Inc. hereby consents and joins in Defendants' Notice of Removal pursuant to the concurrently filed Notice of Consent of Removal per 28 U.S.C. section 1446(b)(2)(A). Accordingly, Plaintiff has failed to establish jurisdictional or procedural grounds to remand this action back to state court, and Plaintiff's Motion must be denied.

///
///

## II. FACTUAL/PROCEDURAL BACKGROUND

This lawsuit arises out of Plaintiff's employment with Vantage. On February 16, 2021, Plaintiff initiated this action in the Superior Court of California, County of Los Angeles, Case No. 21STCV05726. *See* ECF Dkt. No. 1. Plaintiff's Complaint alleged the following causes of action: (i) disability discrimination in violation of the California Fair Employment and Housing Act; (ii) wrongful termination in violation of public policy; (iii) retaliation in violation of California Labor Code section 1102.5; (iv) intentional infliction of emotional distress; and (v) negligent infliction of emotional distress. *Id*.

On March 26, 2021, Defendants timely removed this action to the United States District Court for the Central District of California on the grounds of diversity jurisdiction. ECF Dkt. No. 1. Specifically, complete diversity exists between Plaintiff and Defendants as they are citizens of different states, none of the Defendants are citizens of the State of California, and the amount in controversy for Plaintiff exceeds $75,000.00, exclusive of interest and costs. *Id*.

Thereafter, on April 2, 2021, Defendants filed a Motion to Dismiss to Plaintiff's Complaint. ECF Dkt. No. 14. However, the Court struck Defendants' Motion to Dismiss and ordered the Parties to meet and confer in order to resolve Defendants' objections to Plaintiff's Complaint. ECF Dkt. No. 17. While the Parties' meet and confer efforts were ongoing, Plaintiff filed the instant Motion to Remand on April 23, 2021. ECF Dkt. No. 24.

On April 30, 2021, Plaintiff filed a First Amended Complaint ("FAC"). ECF Dkt. No. 27. Plaintiff's FAC alleges all of the same claims for relief as raised in her initial Complaint, but further names "Insperity PEO Services, L.P" as a separate and additional defendant. *Id*.

///
///
///

### III. THERE ARE NO VIABLE GROUNDS FOR THIS COURT TO REMAND THE ACTION TO STATE COURT

A federal court action may only be remanded to state court for lack of subject matter jurisdiction or due to a procedural defect. 28 USC § 1447(c); *see Buchner v. FDIC*, 981 F.2d 816, 819 (5th Cir. 1993). Here, Plaintiff does not oppose subject matter jurisdiction, but instead relies on a flawed procedural argument.

#### A. Plaintiff Does Not Refute That This Court Has Subject Matter Jurisdiction

This Court has original jurisdiction over this action based on diversity of citizenship pursuant to 28 U.S.C. § 1332. As detailed in Defendants' Notice of Removal, this Court has jurisdiction because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interests and costs, as set forth below. See 28 U.S.C. §§ 1332(a), 1441(b). ECF Dkt. No. 1. Plaintiff, in her Motion to Remand, does not refute this Court's subject matter jurisdiction on the basis of diversity.

#### B. There Are No Procedural Defects in Defendants' Notice of Removal and Plaintiff's Motion to Remand Must Therefore Be Denied

Plaintiff primarily argues that since "Insperity, Inc." allegedly did not join in Defendants' removal, Defendants' removal is procedurally defective, and this action must be remanded. It is well established that "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A).

However, joinder by all defendants at the time of removal is not required. A removing defendant need only cure the defect by obtaining joinder of the other defendant(s) prior to entry of judgment. *Destfino*, 630 F.3d at 955; *Canty v. Providence Health System-Southern California*, Case No. LA CV20-03347 JAK

3

(JPRx), 2020 WL 5701761, *3-4 (C.D. Cal. Sept. 23, 2020); *Hart v. E&K Vintage Wood, Inc.*, Case No. CV 17-7144 PSG (KSx), 2017 WL 10562954, *3-4 (C.D. Cal. Dec. 6, 2017); *see also Hernandez v. Six Flags Magic Mountain, Inc.*, 688 F. Supp. 560, 562-63 (C.D. Cal. 1988) (delay in filing joinder or consent to removal has been treated as a non-jurisdictional defect, and removal is upheld where the opposing party was not prejudiced by the delay).

Here, this action is in its infancy and no judgment has been rendered. *See* ECF Dkt. Nos. 1-27. As such, Insperity, Inc. is still permitted to consent to Defendants' removal since its joinder in the initial removal papers is not required or supported by law. To that end, Insperity, Inc. hereby consents and joins in Defendants' Notice of Removal pursuant to the concurrently filed Notice of Consent of Removal pursuant to 28 U.S.C. section 1446(b)(2)(A). Therefore, Plaintiff's argument that Defendants' Notice of Removal is procedurally defective due to lack of consent of Insperity, Inc. is rendered moot.

Additionally, Plaintiff has not suffered any prejudice in Insperity, Inc.'s delay in consenting to Defendants' Notice of Removal. For instance, the Court recently issued its Scheduling Order on April 20, 2021, the Parties' have not yet exchanged initial disclosures, written discovery and depositions have not commenced, and Plaintiff recently filed an FAC naming Insperity PEO Services, L.P. as a separate and additional defendant on April 30, 2021. See ECF Dkt. No. 27. Stated differently, remand of this action back to state court would instead "elevate form over substance and work an injustice upon" Defendants. *Hernandez*, 688 F. Supp. at 563.

Accordingly, Defendants' Removal is not procedurally defective, and this matter must not be remanded to state court.

///

///

///

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that Plaintiff's motion to remand be denied.

Dated: May 3, 2021

Respectfully submitted,

FISHER & PHILLIPS LLP

By: */s/Drew M. Tate*
Mark J. Jacobs
Drew M. Tate
Attorneys for Defendants
VANTAGE TRAVEL SERVICE, INC., INSPERITY, INC., and INSPERITY PEO SERVICES, L.P.

# CERTIFICATE OF SERVICE

I, the undersigned, am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; am employed with the law offices of Fisher & Phillips LLP and my business address is 444 South Flower Street, Suite 1500, Los Angeles, California 90071.

On May 3, 2021, I served the foregoing document entitled, **DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFFS' MOTION TO REMAND TO STATE COURT** on all the appearing and/or interested parties in this action by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

| | |
|---|---|
| Gary B. Ross | Attorneys for Plaintiff |
| Andrew D. Morrison | LAUREN GOLDENBERG |
| ROSS & MORRISON | |
| 9440 S. Santa Monica Blvd., Suite 301 | Facsimile: (310) 285-6083 |
| Beverly Hills, CA 90210 | Email: ross@rossandmorrison.com; |
| | morrison@rossandmorrison.com |

☐ **[by MAIL]** - I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing this affidavit.

☒ **[by ELECTRONIC SUBMISSION]** - I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipients via electronic transmission through the CM/ECF system on the Court's website. The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed May 3, 2021, at Los Angeles, California.

Katherine Wagner
*Print Name*

By: */s/Katherine Wagner*
*Signature*