### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES -- GENERAL

Case No.   **CV 21-2667-JFW(JCx)**                           Date:  May 19, 2021

Title:        Lauren Goldenberg -*v*- Vantage Travel Services, Inc., et al.

---

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| **Daisy Rojas** | **None Present** |
|---|---|
| **Relief Courtroom Deputy** | **Court Reporter** |

| **ATTORNEYS PRESENT FOR PLAINTIFFS:** | **ATTORNEYS PRESENT FOR DEFENDANTS:** |
|---|---|
| None | None |

**PROCEEDINGS (IN CHAMBERS):**       **ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND [filed 4/23/21; Docket No. 24]**

On April 23, 2021, Plaintiff Lauren Goldenberg ("Plaintiff") filed a Motion for Remand ("Motion").  On May 3, 2021, Defendants Vantage Travel Service, Inc. ("Vantage"), Insperity PEO Services, L.P. ("Insperity LP"), and Insperity, Inc. ("Insperity") (collectively, "Defendants") filed their Opposition.  On May 10, 2021, Plaintiff filed a Reply.  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.  The hearing calendared for May 24, 2021 is hereby vacated and the matter taken off calendar. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

**I.       Factual and Procedural Background**

On February 12, 2021, Plaintiff filed a Complaint against Vantage and Insperity in Los Angeles Superior Court.  In her Complaint, Plaintiff alleges causes of action for: (1) violation of California's Fair Employment and Housing Act ("FEHA") on the basis of disability discrimination; (2) wrongful termination; (3) violation of California's Labor Code § 1102.5; (4) intentional infliction of emotional distress; and (5) negligent infliction of emotional distress.

On February 24, 2021, Vantage was served with the Summons and Complaint.  On February 25, 2021, Insperity was served with the Summons and Complaint.  On March 26, 2021, Vantage and Insperity LP, which was not named a defendant in the Complaint and had not been served with the Summons and Complaint, filed a Notice of Removal, removing this action to this Court on the basis of 28 U.S.C. § 1332(a).

On April 30, 2021, Plaintiff filed a First Amended Complaint, which added Insperity LP as a

defendant.  On May 3, 2021, the same day Defendants filed their Opposition to Plaintiff's Motion, Insperity filed a Joinder in Notice of Removal.

## II.     Legal Standard

A motion to remand is the proper procedure for challenging removal.  *See N. Cal. Dist. Council of Laborers v. Pittsburgh-Des Moines Steel Co.*, 69 F.3d 1034, 1038 (9th Cir. 1995).  The removal statute is strictly construed, and any doubt about the right of removal is resolved in favor of remand.  *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see also Prize Frize, Inc. v. Matrix, Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999).  Consequently, if a plaintiff challenges the defendant's removal of a case, the defendant bears the burden of establishing the propriety of the removal.  *See Gaus*, 980 F.2d at 566; *see also Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted) ("Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance").

## III.    Discussion

In her Motion, Plaintiff argues that Vantage's and  Insperity LP's Notice of Removal was defective and, as a result, this action should be remanded because: (1)   the removal lacked unanimity because Insperity did not join or consent to the removal; and (2) the Notice of Removal failed to explain Insperity's absence.  In their Opposition, Defendants argue that Insperity has now filed a Joinder in the Notice of Removal and, as a result, any procedural defect in the Notice of Removal has been cured and is no longer grounds to remand this action to state court.

28 U.S.C. § 1446(b)(2)(A) requires that "all defendants who have been properly joined and served must join in or consent to the removal of the action."  Under this "unanimity rule," only "nominal, unknown, or fraudulently joined parties" need not join in or consent to the removal. *United Computer Sys., Inc. v. AT&T Corp*., 298 F.3d 756, 762 (9th Cir. 2002).  "The exception for 'unknown' parties includes a party that has not been served at the time of removal.*" Beltran v. Monterey Cty*., 2009 WL 585880, at *2 (N.D. Cal. Mar. 6, 2009).  In addition, "[w]here fewer than all the defendants have joined in or consented to a notice of removal, the removing party has the burden under Section 1446(a) to explain affirmatively the absence of any co-defendants in the notice for removal." *Prize Frize*, 167 F.3d at 1266.

In this case, the Court concludes that the Notice of Removal violates the unanimity rule of Section 1446(b)(2)(A).  It is undisputed that both Vantage and Insperity were served with the Summons and Complaint prior to the filing of the Notice of Removal on March 26, 2021.  However, despite that, only Vantage (and Insperity LP, which was not a party to the Complaint and had not been served with the Summons and Complaint) filed the Notice of Removal.  The Notice of Removal does not indicate that Insperity "consented to or joined in" the removal. *Lopez v. Michael Weinig, Inc*., 2020 WL 4192260 C.D. Cal. July 17, 2020).  In addition, the Notice of Removal does not "include a sufficient explanation for the absence of a joinder by" Insperity or any reason why its joinder was not necessary.  *Id*.  Instead, the Notice of Removal simply states that Insperity LP "was erroneously sued as Insperity, Inc." without any explanation as to why Plaintiff erred by naming Insperity in her Complaint when Insperity is a separate and distinct entity from Insperity

Initials of Deputy Clerk  dr

LP.[1]  *Prize Frize*, 167 F.3d at 1266 (holding that removal is only proper when the removing defendants "explain affirmatively the absence of any co-defendants in the notice of removal").

Defendants argue that any defect in the removal procedure is cured by Insperity's Joinder in the Notice of Removal on May 3, 2021.  However, under the rules of removal, a "defendant [has] 30 days after receipt or service of an initial pleading or summons to file a notice of a removal." *Palmeira v. CIT Bank, N.A.*, 2017 WL 4797515, at *3 (D. Haw. Oct. 24, 2017).  These "time limits . . . are mandatory," and a "timely objection to a late petition will defeat removal." *Id*. (*quoting Smith v. Mylan Inc*., 761 F.3d 1042, 1045 (9th Cir. 2014)).  Applying this requirement in multi-defendant cases, numerous courts have held that "defendants must consent to removal within the 30-day removal period of the last-served defendant."  *See Lopez,* 2020 WL 4192260, at *4 (remanding action where the court found "that Removing Defendant's Notice of Removal was procedurally defective because it was silent as to the absence of Non-Removing Defendant.  This procedural defect was not timely cured"); *see also Zambrano v. New Mexico Corr. Dep't*, 256 F. Supp. 3d 1179, 1186 (D.N.M. 2017) (remanding action for lack of compliance).  In this case, Insperity's May 3, 2021 Joinder was filed sixty-seven days after Insperity was served on February 25, 2021, and thirty-eight days after Vantage's and Insperity LP's Notice of Removal was filed on March 26, 2021.  Thus, Insperity's Joinder was filed well outside the thirty day removal period that began running when Insperity was served on February 25, 2021, and more than thirty days after the Notice of Removal was filed.[2]  Because the Notice of Removal was procedurally defective and the attempt to cure the defect was untimely, the Court concludes that the requirements for removal were not met and remand is proper.[3]  *See, e.g., Lopez*, 2020 WL 4192260 at *4.

## IV.    Conclusion

For all the foregoing reasons, Plaintiff's Motion is **GRANTED**.  This action is **REMANDED** to Los Angeles Superior Court.

IT IS SO ORDERED.

---

[1]  Defendants do not dispute that Insperity and Insperity LP are separate and distinct entities.  To the contrary, Insperity filed a Joinder in Vantage's and Insperity LP's Notice of Removal on May 3, 2021, and Defendants' Opposition was filed on behalf of all three entities.

[2]  A minority of courts have held that a defendant must consent or join a removal within thirty days of the Notice of Removal.  *See Pattison v. Nevada ex rel. Nevada Dept. Of Corrections*, 2014 WL 2506467 (D. Nev. June 3, 2014).

[3]  In addition, as Plaintiff points out, Defendants have also failed to establish diversity jurisdiction exists because Insperity's citizenship was not alleged in the Notice of Removal, Insperity's Joinder, or Defendants' Opposition.

Initials of Deputy Clerk _dr_